UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Devario Marshetti Simpson, | ) | C/A No.: 5:12-cv-02612-CMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Robert Stevenson, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Devario Marshetti Simpson ("Petitioner" or "Simpson"), a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 26, 27. On February 1, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 28. Petitioner filed a response in opposition to Respondent's motion on May 6, 2013. ECF No. 37. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 26, be granted.[1]

I.    Factual Background

Petitioner is currently incarcerated in the Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In 2003, Petitioner was indicted in the June term of the Greenville County Grand Jury for trafficking cocaine, resisting arrest, and

---
[1] Other pending motions are addressed within.

assault and battery of a high and aggravated nature (ABHAN). App. 422, 430-33.[2] On April 26-28, 2005, a jury trial was conducted before the Honorable G. Edward Welmaker in Greenville, South Carolina. App. 1-322. Attorney Steve Sumner represented Petitioner, and Assistant Solicitor John D. Newkirk represented the State. App. 1. On April 28, 2005, Petitioner was convicted of trafficking and resisting arrest, and acquitted on the ABHAN charge. App. 314-16. Petitioner was sentenced to thirty years incarceration on the trafficking charge and one year incarceration on the resisting arrest charge, with the sentences to run concurrent. App. 321-22.

II.     Procedural History

Trial counsel timely filed and served the notice of appeal. The State filed a Final Brief of Respondent on October 20, 2006, ECF No. 27-5, and a Final Brief of Appellant was filed on January 4, 2007, ECF No. 27-4. On June 8, 2007, the South Carolina Court of Appeals issued an order affirming Petitioner's conviction. App. 324-327. The remittitur was issued on June 26, 2007. ECF No. 27-6. On June 3, 2008, Petitioner filed an application seeking post-conviction relief ("PCR"). App. 328-333. In his application, Petitioner argues ineffective assistance of counsel and abuse of discretion of trial judge. App. 330. The State filed its return on August 27, 2008, requesting an evidentiary hearing on Plaintiff's ineffective assistance of counsel claim. App. 334-38. On February 23, 2010, an evidentiary hearing was conducted before the Honorable Edward Miller in Greenville, South Carolina. App. 340. Petitioner was represented by Lawrence W. Crane, Esq., while the State was represented by Assistant Attorney General Karen Ratigan. *Id.* Petitioner; Petitioner's former trial counsel, Steve Sumner; the prosecuting attorney, John Newkirk; Ikeetha Brown; and Thomas Nicks testified at the hearing. App. 346-418. On April

---

[2] Citations to "App." refer to the Appendix for Petitioner's direct appeal of his judgment of conviction. That appendix is available at ECF Nos. 27-1, 27-2, and 27-3 in this habeas matter.

29, 2010, the PCR court issued an order denying Petitioner relief and making the following findings of fact and conclusions of law:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon their credibility. This Court has weighed the testimony accordingly. Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. §17-27-80 (2003).

### Ineffective Assistance of Counsel

The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002) (citing Rule 71.1(e), SCRCP).

For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984); Porter v. State, 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006). In order to prove prejudice, an applicant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry v. State, 300 S.C. 115, 117-18, 386 S.E.2d 624, 625 (1989). "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." Johnson v. State, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052).

The Applicant stated he had two (2) meetings with counsel before trial. The Applicant stated they barely discussed the State's evidence or the incident reports. The Applicant stated they did not discuss the elements of the charges or possible defenses. The Applicant stated he did not believe trial counsel visited the scene of the arrest. The Applicant argued he asked to view the videotape (from the police car), but never saw it. The Applicant argued that he told trial counsel well before trial that the car he was driving when he was arrested belonged to Thomas Nix. The Applicant argued he told trial counsel the cocaine in the backseat must have belonged to Nix, but that trial counsel never spoke to Nix. The Applicant argued he asked trial counsel to speak to Ikeetha Brown (the passenger in the car when he was stopped), but that counsel failed to do so. The Applicant stated he also wanted trial counsel to speak to Steve Smith, but that counsel did not contact him. The Applicant stated trial counsel wanted him to

plead guilty. The Applicant stated trial counsel had no interest in representing him, so he filed a grievance (which was dismissed). The Applicant stated he tried to relieve counsel during the trial but the judge would not allow it.

Ikeetha Brown stated she was the Applicant's passenger when police stopped the car. Brown stated the Applicant did not assault the officer or resist arrest. Brown stated that, while she had her mother call trial counsel, counsel never spoke to her.

Thomas Nix testified the Applicant was driving his car when he was arrested. Nix testified he spoke to the prosecutors about the car, but not to trial counsel. Nix testified he left no personal belongings in the car when he loaned it to the Applicant.

John Newkirk, the prosecuting attorney, testified he vaguely remembered this case. Newkirk testified that, while he did not recal1 a plea offer in this case, he was sure he and trial counsel discussed the issue. Newkirk testified he did not recall if there was a videotape in this case.

Trial counsel testified he filed discovery motions in this case, reviewed those materials with the Applicant, and gave him a copy of those items. Trial counsel testified he did not visit the scene of the traffic stop and arrest. Trial counsel testified he did not remember if there was a videotape. Trial counsel testified there was no viable defense in this case. Trial counsel stated the Applicant did not ask him - prior to trial - to contact any witnesses. Trial counsel stated that, when he asked the Applicant about potentia1 witnesses, the Applicant told him those witnesses would contact him. Trial counsel stated he was not contacted by any witnesses before trial. Trial counsel stated the first time the Applicant told him about Brown, Nix, or Smith was on the day of trial. Trial counsel testified it would have been difficult to speak to Brown or Nix anyway, as they were represented by counsel on charges related to this traffic stop. Trial counsel testified he would have been very reluctant to call Nix as a defense witness. Trial counsel testified he recalled the State had offered an open plea (with a 7-25 year sentence range), which the Applicant rejected. Trial counsel testified that, while the Applicant had filed a grievance against him, he did not believe he should have moved to be relieved. Trial counsel confirmed there was tension between him and the Applicant.

This Court finds the Applicant's testimony is not credible, while also finding trial counsel's testimony is credible. This Court further finds trial counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation.

This Court finds the Applicant failed to meet his burden of proving trial counsel did not adequately prepare his case for trial. This Court finds credible trial counsel's testimony that they discussed the case and reviewed the discovery

4

materials. This Court also notes the Applicant gave inconsistent testimony on this issue. The Applicant originally stated he thought they only had two meetings before trial, but then later said they had at least 1-2 meetings before he filed the grievance against trial counsel and at least 1-2 meetings after the grievance was dismissed.

This Court finds the fact that trial counsel did not visit the scene of the traffic stop – to investigate if it was a 2-way or 4-way stop - would not have been relevant. The Applicant's conduct at the stop sign is what alerted police. (Trial transcript, pp.161-65). Further, as the Applicant failed to present evidence (such as photographs) of the intersection at the PCR hearing, he cannot prove trial counsel's failure to investigate the scene was prejudicial to his case. Cf. Palacio v. State, 333 S.C. 506, 513, 511 S.E.2d 62, 66 (1999) (holding that, since the contents of challenged documents were not presented at the PCR hearing, the Applicant could not demonstrate how the failure of counsel to obtain these documents prejudiced the defense).

This Court also finds the Applicant failed to prove trial counsel should have obtained a videotape of the traffic stop from the police car. Based upon the evidence before this Court, the Applicant has failed to prove that such a tape even exists. Both trial counsel and the prosecuting attorney testified they did not recall such a tape. The representative from the Thirteenth Circuit Solicitor's Office informed this Court there was no such tape in the solicitor's file.

This Court finds the Applicant failed to meet his burden of proving trial counsel should have contacted his witnesses: Thomas Nix, Ikeetha Brown, and Steve Smith. Trial counsel testified the Applicant never informed him of these witnesses before trial. This is corroborated by the trial transcript. When the Applicant complained to the trial judge on the first day of trial that his witnesses were not there, trial counsel explained he had only received their names the day before. (Trial transcript. pp. 1114-16). This Court finds trial counsel's testimony on this issue is more credible. Further, it is doubtful trial counsel would have been able to speak to Ikeetha Brown or Thomas Nix anyway, as they had been arrested at the same time as the Applicant and were represented by counsel. (Trial transcript, p. 171; p.180; p.209). Regardless, Thomas Nix testified at the PCR hearing that, while the car was his, he did not leave any personal items in the car when he loaned it to the Applicant. It is doubtful Nix would have testified at the Applicant's trial that approximately 900 grams of cocaine belonged to him. This Court finds that, based on Ikeetha Brown's pending charges, she would not have made a credible witness. Further, if Ikeetha Brown had wished to testify in the Applicant's defense, she could have contacted trial counsel sometime between the April 2003 arrest and the April 2005 trial. This Court also notes that, as Steve Smith did not testify at the PCR hearing, any discussion about what he would have testified to at trial is purely speculative. See Bannister v. State, 333 S.C. 298. 303, 509 S.E.2d 807, 809 (1998) (the South Carolina Supreme Court "has repeatedly held a PCR applicant must produce the testimony of a favorable

5

witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial.") (emphasis in original).

This Court finds the Applicant failed to meet his burden of proving trial counsel should have filed a motion to be relieved. It is undisputed both that the Applicant filed a grievance against trial counsel and that it was later dismissed. Trial counsel testified that he did not believe the filing of a grievance against him meant he had to move to be relieved. This Court agrees and finds that, while the Applicant and his attorney may have had a difficult relationship, trial counsel represented the Applicant to the best of his ability. The Applicant clearly benefited from trial counsel's performance, as the jury acquitted him of the ABHAN charge. This Court finds the Applicant has failed to show that trial counsel's performance was in any way affected by the fact that the Applicant had filed a grievance against him.

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test - that trial counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of Strickland - that he was prejudiced by trial counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

### All Other Allegations

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

### CONCLUSION

Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before or during his trial and sentencing proceedings. Counsel was not deficient in any manner nor, was the Applicant prejudiced by counsel's representation. Therefore, this application for PCR must be denied and dismissed with prejudice.

App. 421-29. On March 7, 2011, Petitioner, represented by Wanda H. Carter, Esquire of the South Carolina Commission on Indigent Defense, filed a Petition for Writ of Certiorari. ECF No. 27-7. The petition argued the following ground:

> Trial counsel erred in failing to file a motion to be relieved as counsel after petitioner filed a grievance against him prior to trial because the summary of the complaint was in effect that his defense was compromised due to counsel's failure to properly investigate into the case in that he did not view the police videotape or present certain defense witnesses at trial.

*Id.* at 3. The State filed its Return to the Petition for Writ of Certiorari on July 22, 2011 arguing that Petitioner failed to meet his burden of proving ineffective assistance of counsel and therefore the PCR judge did not err in denying the PCR application. ECF No. 27-8. On August 23, 2012, the South Carolina Supreme Court entered an order denying the Petition. ECF No. 27-9. The remittitur was issued on September 11, 2012. ECF No. 27-10. This Petition for habeas corpus followed on September 11, 2012. ECF No. 1.

### III. Discussion

#### A. Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus, quoted verbatim:

> **GROUND ONE**: The Trial Court's decision in failing to suppress evidence was objectively unreasonable and contrary to clearly established law.
>
> Supporting facts: Petitioner's conviction resulted in a decision; detention that was not supported by the requisite probable cause. See Terry v. Ohio, 392 U.S. 1 (1968).
>
> **GROUND TWO:** Ineffective Assistance of Counsel, failure to investigate
>
> **Supporting facts**: Petitioner's counsel was ineffective in failing to conduct a reasonable pre-trial investigation. This violated Petitioner's right to counsel as guaranteed by Amendments 6 and 14 to the U.S. Constitution. See Wiggins v. Smith, 123 S.Ct 2527 (2003).

7

ECF No. 1 at 5-6.

      B.      Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

      C.      Habeas Corpus Standard of Review

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615

(4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below. Here it is undisputed that Petitioner met exhaustion requirements. ECF No. 27 at 7.

D.   Analysis

1.   Ground One: Failure to Suppress Evidence from an Illegal Search

Petitioner contends that the trial court erred in failing to grant his motion to suppress the evidence obtained from an illegal search of his person, vehicle, and hotel room. ECF No. 1, ECF No. 37 at 7. Respondent argues that Ground One is barred by the holding in *Stone v. Powell*[3] as the *Stone* Court held that "a federal court sitting in habeas may not grant relief on Fourth Amendment claims if 'the State has provided an opportunity for full and fair litigation' of the claim." ECF No. 27 at 10. Respondent, citing *Doleman v. Muncy*,[4] argues that "when the habeas court has determined that 'full and fair litigation' was afforded, the habeas court 'need not inquire further into the merits of petitioner's case.'" *Id.* Respondent contends that Petitioner raised Ground One at his trial and on his direct appeal and the appellate court dismissed his appeal on the merits, therefore Petitioner had a full and fair opportunity to litigate this issue. *Id.* In response to this argument, Petitioner contends that the *Stone* doctrine, which was decided prior to the enactment of the AEDPA, is no longer good law. ECF No. 37 at 10-12. Petitioner argues that the language of 28 U.S.C. § 2254 "governs the treatment the federal habeas court must give to previous state court adjudication on the merits on [its] face, paragraph (2) of § 2254(d) invites a federal court to re-open a state court adjudication of the 'facts' underlying a federal claim in order to determine whether the state court reasonably assessed the evidence." *Id.* at 12.

The undersigned finds that the rule of law announced in *Stone* is still sound law as *Stone* has not been overruled and the amendments to the AEDPA did not effect this rule. *Dash v. Hagan*, No. 9:08-278-GRA, 2009 WL 151527, at *2 (D.S.C. Jan. 21, 2009). The record shows

---

[3] 428 U.S. 465, 482 (1976).
[4] 579 F.2d 1258, 1265 (4th Cir. 1978).

that Petitioner fully litigated his Fourth Amendment claims and that these claims were rejected on the merits in the state trial court and on direct appeal. Under these facts, it is clear that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim, and thus Ground One of his habeas petition is barred from federal habeas review under *Stone v. Powell*, 428 U.S. at 481-82. Accordingly, this issue should be dismissed.

### 2.  Ground Two:  Ineffective Assistance of Counsel

Petitioner argues that his trial counsel was ineffective because he failed to conduct a reasonable pre-trial investigation. ECF No. 1. Respondent contends that summary judgment should be granted on this ground because Petitioner procedurally defaulted this ground when he failed to "raise such arguments in his PCR appeal." ECF No. 27 at 11. Respondent further argues that "Petitioner makes no claim of cause to excuse the default, and none is readily apparent on review of the record." *Id.* In response, Petitioner first argues that he is entitled to an evidentiary hearing "to develop the record with the facts omitted from state court proceedings." ECF No. 37 at 23. Respondent also contends that his PCR appellate counsel is responsible for any default and that under *Martinez*[5] this default is attributable to the State. *Id.* at 25. Petitioner attempts to distinguish *Martinez* because

> the Court did not consider [] whether default would apply, as in the instant matter where collateral appellate counsel is appointed by State statute, (Rule 71.1(g), SCRCP), where the PCR applicant is entitled to appeal the adverse ruling of the PCR Court for the first and only time in order to properly exhaust his federal claims.

*Id.* Petitioner finally contends that this ground is not procedurally defaulted because his PCR counsel raised the argument of "counsel's failure to properly investigate" in his "meritorious [PCR appellate] brief." ECF No. 37 at 26. Petitioner argues that because appellate counsel raised the issue, he "was therefore prevented from submitting any pro-se filings" but contends

---

[5] *Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012).

11

that "the failure of counsel to investigate was fairly presented to the State Highest Court and therefore any procedural bar should be excused or imputed to the State." *Id.*

The undersigned finds that there are sufficient facts in the record to determine whether the second ground of Petitioner's habeas petition is procedurally defaulted and therefore finds that Petitioner is not entitled to an evidentiary hearing. Having reviewed the record, the undersigned notes that Petitioner presented the substance of his "inadequate investigation" claim in his Petition for Writ of Certiorari to the South Carolina Supreme Court. In his Petition, Petitioner argued that "trial counsel failed to conduct proper investigations" and counsel's representation and failure to investigate "constituted deficient legal representation in the case." *See* ECF No. 27-7 at 8. Accordingly, this ground is not procedurally barred.

Respondent contends that Ground Two should be denied on the merits because the record shows that the PCR court, in denying Petitioner's claim of ineffective assistance of trial counsel, made "a reasonable determination of facts and a reasonable application of relevant federal law." ECF No. 27 at 12. Petitioner contends that the PCR Court's order is not supported by the testimony presented during the PCR hearing. ECF No. 37 at 28. Petitioner alleges that counsel's failure "to investigate and present a defense constituted deficient performance which violated Petitioner's right to the effective assistance of counsel guaranteed under the Sixth and Fourteenth Amendment." *Id*. at 29. Petitioner argues that "[t]he State Supreme Court's decision on this issue was 'contrary to' clearly established federal law, where the S.C. Supreme failed to extend the Strickland test of counsel's failure to investigate that was objectively unreasonable in light of the evidence presented in the state court record." *Id.* at 32.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S.

12

759, 771, n. 14 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Having reviewed the record, and in light of the PCR court's credibility findings, the undersigned is of the opinion that Petitioner's allegations of ineffective assistance of counsel are invalid. It was not unreasonable for the PCR court to find that Petitioner failed to meet his burden of showing trial counsel was ineffective in trial counsel's preparation for trial. *See* App. 426. The undersigned finds that the PCR court's finding that Petitioner failed to meet his burden of showing trial counsel was ineffective for not contacting his witnesses was not unreasonable; the court noted that Petitioner did not provide the names or contact information before trial. App. 427. The undersigned further finds that the PCR court's finding, that trial counsel's failure to visit the traffic stop scene was not prejudicial and that trial counsel discussed the case and reviewed discovery materials with Petitioner, is supported by facts in the record. App. 426. The PCR court's decision was not contrary to, nor an unreasonable application of, clearly established federal law under §2254(d)(1). This ground is without merit and the undersigned recommends that it be dismissed.

IV.     Conclusion

The undersigned has considered Petitioner's grounds for habeas corpus relief and recommends that the Petition be dismissed. Accordingly, for the foregoing reasons, the court recommends that Respondent's Motion for Summary Judgment, ECF No. 26, be GRANTED and the habeas petition be DISMISSED with prejudice. If the court accepts this recommendation, Plaintiff's Motion for Evidentiary Hearing, ECF No. 38, will be moot.

IT IS SO RECOMMENDED.

May 30, 2013                                                               Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**