IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Devario Marshetti Simpson, | ) | C/A NO. 5:12-2612-CMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Robert Stevenson, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On May 30, 2013, the Magistrate Judge issued a Report recommending that Petitioner's motion for an evidentiary hearing be denied, Respondent's motion for summary judgment be granted, and this matter be dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. After applying for and receiving an extension of time to do so, Petitioner filed objections to the Report on June 24, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of those matters as to which an objection was made, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation

Petitioner presents several objections regarding the Report's conclusion that Petitioner's Fourth Amendment claims are not reviewable in this federal habeas petition. *See* Objections at 4-9 (ECF No. 49). Petitioner argues that the Magistrate Judge failed to apply the "proper analytical analysis to Petitioner's Fourth Amendment claim[;]" Obj. at 6; that "the Stone v. Powell[, 428 U.S. 465 (1976)] prudential underpinnings are no longer applicable to Fourth Amendment claims on collateral review under the AEDPA[;]" *id*. at 7; and that the Magistrate Judge "was required to do more than merely examine whether a [Fourth Amendment] claim was litigated on the merits in state court . . . [,]" *id*. at 8.

These arguments are without merit. Fully litigated Fourth Amendment claims are not cognizable in federal habeas corpus petitions, even after the enactment of the AEDPA. *Mueller v. Angelone*, 181 F.3d 557, 570 n.8 (4th Cir. 1999) (recognizing continued application of *Stone* post-AEDPA); *Grimsley v. Dodson*, 696 F.2d 303, 304 (4th Cir. 1982) ( "*Stone v. Powell* marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner has the opportunity to litigate those claims in state court."). As found by the Magistrate Judge, Petitioner fully litigated his Fourth Amendment claims in the state trial court and on direct appeal. Accordingly, Petitioner's objections relating to this ground for relief are rejected.

Petitioner next argues the Report errs in "improperly adopting facts as asserted by Respondent[ ]" in rejecting the substance of Petitioner's second ground for relief. Obj. at 10. Petitioner maintains that his underlying argument was not that trial counsel should have visited the site of the traffic stop; rather, that counsel "failed to obtain the video tape of the traffic stop." *Id*. (emphasis removed). A review of the state PCR court's Order of Dismissal indicates that after review of the Solicitor's file, it was determined there was no videotape of the traffic stop. *See* Order of Dismissal at 1 n.1 (ECF No. 27-3 at 122).

Petitioner's argument in his PCR application was that trial counsel was ineffective in failing to properly prepare for trial. In the course of arguing counsel was constitutionally ineffective, Petitioner testified that counsel did not visit the site of the underlying traffic stop, and had he done so, he would have discovered that it was not a two-way stop as testified to by one of the law enforcement officers at trial, but a four-way stop. *See* Tr. of PCR Evidentiary Hrg. at 360-62 (ECF No. 27-3 at 61-63). Impliedly, therefore, as determined by the PCR court, Petitioner argued that counsel was constitutionally ineffective in failing to visit the site. Additionally, the PCR court fully addressed Petitioner's contention regarding an alleged video tape in its Order of Dismissal. *See* Order of Dismissal at 6 (ECF No. 27-3 at 127). Therefore, this objection is also without merit.

Accordingly, Petitioner's motion for an evidentiary hearing is **denied**. Respondent's motion for summary judgment is **granted**. This petition is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:
(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists

3

would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 25, 2013