IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Devario Marshetti Simpson, | ) | C/A NO. 5:12-2612-CMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Robert Stevenson, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* motion for reconsideration. ECF No. 55. On the same day Petitioner filed this motion, Petitioner also filed a Notice of Appeal to the Fourth Circuit Court of Appeals. ECF No. 56.

As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This jurisdictional transfer principle prevents a district court from taking any action that would impermissibly "alter the status of the case as it rests before the Court of Appeals." *Dayton Indep. School Dist. v. United States Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir.1990). Therefore, when an appeal is pending, the district court retains jurisdiction only to determine matters that are "uniquely separable" and collateral to the issues involved in the appeal. *See Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 98 (3d Cir.1988). "This judge-made rule . . . was designed to address the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously." *United States v. Swint*, 2007

1

WL 675340 (E.D.Pa. Feb. 27, 2007) (internal citations and quotations omitted).

This court is without jurisdiction to address Petitioner's motion and it is, therefore, **dismissed**.[1]

**IT IS SO ORDERED.**

                                        s/ Cameron McGowan Currie
                                        CAMERON McGOWAN CURRIE
                                        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 11, 2013

---

[1] To the extent this court retains jurisdiction to address Petitioner's motion, a grant of summary judgment to Respondent on the record as it exists obviates the need for an evidentiary hearing. Therefore, Petitioner's motion was denied.